CHARLES PECK, appellant *v.* WILLIAM BOGGESS, appellee.

*Appeal from Jo Daviess.*

Upon the overruling of a demurrer to a plea, if the plaintiff reply, he thereby waives the demurrer, and cannot afterwards assign for error, that it was overruled.

In an action brought by P., as assignee of M., to recover the amount of a promissory note made by B., the Court gave the following instructions to the jury:

" That if the jury believe from the evidence that B. and M. made a lumping trade; that if B. agreed to give $615 for M.'s interest, whatever it might be, (meaning the interest in the partnership concern in which they were both interested, and to which the making of the note related,) and was not deceived or imposed on by any false and fraudulent representations or concealments, then made by M., then the note is founded on a good consideration, and is binding on B."—*Held* that the instruction was correct.

Unless a party excepts to instructions in the Court below, he cannot assign them for error in the Supreme Court.

THIS was an action commenced in the Jo Daviess Circuit Court, by Peck against Boggess upon a promissory note for $615,19, given by the defendant, Boggess, to one John D. Mullikin, and by said Mullikin assigned to the plaintiff, on the 15th day of May, 1834. The note was dated Aug. 24, 1833, and payable thirty days after date. The defendant filed three special pleas, to all of which the plaintiff demurred. The demurrer was

x*

sustained to the first and second, and overruled to the third plea. Issue was then taken on the third plea, which alleged " that said promissory note was made and executed without any good or valuable consideration whatever," and leave taken by the defendant to file two amended pleas. The amended pleas were demurred to by the plaintiff. The Court sustained the demurrer to the first amended plea, and overruled it as to the second, which was as follows :

And for further plea in this behalf, the said defendant comes &c. when &c., and says the said plaintiff, his aforesaid action thereof against him, ought not to have and maintain, because he says that the said promissory note in said plaintiff's declaration mentioned, was executed and given by this defendant upon the settlement of a joint concern theretofore existing between the said John D. Mullikin and the said defendant, in consideration that the said Mullikin should deliver over to the said defendant all moneys then on hand belonging to said joint concern, and for no other consideration whatever. This defendant avers that the said Mullikin did not deliver over to said defendant all moneys on hand belonging to the said joint concern, but only the sum of thirty-four dollars, whereas in truth and in fact, there was then on hand belonging to said joint concern the sum of two thousand dollars ; and the said defendant says that the consideration of said note has failed in this, that the said Mullikin did not deliver over to this defendant the whole of the said two thousand dollars, but only the sum of thirty-four dollars as aforesaid, and this he is ready to verify &c. wherefore &c.

B. Mills, Atty. for deft.

To this plea the plaintiff filed a general replication, and the cause was submitted to a jury, who found a verdict for the defendant. The cause was tried before the Hon. Stephen T. Logan, at the August term, 1835. The plaintiff in the Court below, appealed to this Court. On the trial in the Court below, the following bill of exceptions was taken :

On the trial of this cause on the issues joined, the witnesses having been heard by the jury on the part of the defendant, none having been produced on the part of the plaintiff, the plaintiff by his counsel moved the Court to instruct the jury as follows, viz: That the dissolution of partnership between Boggess and Mullikin, the assignor, and the transfer to Boggess of the debts and accounts due the firm, and the stock and property of the firm, was a *good and valuable consideration.* That the defendant on the special plea last traversed, and upon which issue was joined, must have proved to the jury, that Mullikin had on hand two thousand dollars, as therein alleged, of partnership money at the time of its dissolution and of executing the note sued on, and that

the paying over of that sum was the sole consideration of said note. But the Court as to the last instruction, said there could be no doubt such proof must be made, but 'that the testimony proved that the payment of the two thousand dollars was not the sole consideration of the note, and that the jury ought not to take that plea into consideration, but should be confined in their verdict to the other issue. And the Court refused to give the instructions as asked for, but gave instructions to the jury as follows, viz: The Court instruct the jury, that if they believe from the evidence, that on the dissolution of the partnership between Boggess and Mullikin, they made an estimate of the property of the partnership, and the debts due from and to the partnership, and that on such estimate Mullikin's interest was found to be worth $615, and thereupon it was agreed that Boggess should take the partnership property and debts, and pay the debts due from the partnership, and that Boggess executed his note in consideration thereof to Mullikin for $615; and if they further believe that there was a mistake in the estimate, and that either in consequence of the debts due from the partnership being greater than they were estimated to be, or the debts due to the partnership being less than the estimate, the interest of Mullikin was worth nothing, then the note is without consideration and not binding on Boggess, unless they believe that Boggess agreed to take his interest whatever it should be.

That if they believe from the evidence that at the dissolution of the partnership between Boggess and Mullikin, Boggess agreed to give Mullikin $615 for his interest in the firm, and executed his note therefor, and that Boggess was induced to do so by the representations of Mullikin, from which it appeared that Mullikin's interest was worth that sum, and that such representations were false and fraudulent, and that Boggess was imposed on thereby, when in fact the interest of Mullikin was worth nothing in consequence of the amount of debts due from the firm which were known to Mullikin and not to Boggess, and concealed by Mullikin from Boggess, then the note is without consideration, and not binding on Boggess.

That if they believe from the evidence, that the interest of Mullikin in the firm was worth $615, then the consideration of the note is good, and Boggess is bound thereby.

That if they beleive from the evidence, that Boggess and Mullikin made a lumping trade, that Boggess agreed to give $615 for Mullikin's interest whatever it might be, and was not deceived or imposed on by any false and fraudulent representations or concealments then made by Mullikin, then the note is founded on good consideration, and is binding on Boggess.

To which said last instructions, so given by the Court, the plaintiff, by his counsel, excepts, and tenders this his bill of ex-

ceptions, which he prays may be signed, sealed, and made a part of the record in this cause, which is accordingly done.

STEPHEN T. LOGAN. [L.S.]

A. COWLES, for the appellant, contended:

1. The jury should have been directed that unless the proof was correspondent with the special issue, they ought to find for the plaintiff.

2. The facts as alleged in the second plea, are stated to have been the consideration of the note. It was therefore necessary to prove the consideration as alleged. 2 Stark. Ev. 349, 350, 352, 353, 354, 358.

3. When the consideration of a contract is alleged, consisting either of distinct matters forming one entire consideration, or of one matter forming an entire consideration, it must be proved as laid. 1 Chitty 96, 262 top, 263 side; 2 Johns. Digest, title *Pleadings*, 194, 118, 209,—case 275; 10 Johns. 140; Breese, 268.

4. Our statute, title *Practice*, allows pleading either an entire or total failure of the consideration. Under these issues different proof is requisite. Proof of a partial failure, will not support a total failure. So in stating the consideration, it is one entire thing.

H. EDDY and JAMES GRANT, for the appellee:

The rule of law is that a party has not a right to demand the opinion of the Court upon abstract questions of law. 1 Bibb, 369; 2 Pirt. Dig. 218, § 62; ib. 219, § 74. The evidence should appear to warrant any instructions based upon it, to enable this Court to judge whether they were applicable or not. See the last reference, and 2 Pirt. 221, § 80, where it was held the Supreme Court will not regard exceptions unless the evidence be stated at length, and that "in every kind of action, the evidence upon which the instructions or opinion of the Court is *given* or *denied,* must appear, referring to 1 Monroe, 196.

The filing of the replication to the second amended plea, was a waiver of the demurrer. 2 Pirt. Dig. 211, § 10.

SMITH, Justice, delivered the opinion of the Court:

This was an action on a promissory note assigned to the plaintiff. The defendant pleaded several special pleas of want of and failure of consideration, and fraudulent representations of the assignor, at the time of making the note; and by which fraudulent representations the note was obtained. To the first and second pleas the plaintiff demurred, and his demurrers were sustained. On the third he took issue by replication. Leave was given to the defendant to file amended pleas, and he accordingly filed two special pleas, to both of which the plaintiff demurred. The demurrer to the first amended plea was sustained, and to that of the second overruled; and thereupon the plaintiff replied to the second amended plea, and took issue thereon.

On the trial several instructions were asked by the plaintiff's counsel, which are not important to notice, no exception being taken to any of them but one, which will be noticed; and because these instructions were entirely correct, and directly applicable to the cause. The plaintiff has made three several points, and relied on them as the grounds of error in this cause.

1. That the demurrer to the defendant's amended plea was incorrectly overruled.

2. That the Court erred in the last part of the instructions given to the jury contained in the following words, viz. : " That if the jury believe from the evidence that Boggess and Mulliken made a lumping trade; that if Boggess agreed to give $615 for Mulliken's interest, whatever it might be, (meaning the interest in the partnership concern in which they were both interested, and to which the making of the note related,) and was not deceived or imposed on by any false and fraudulent representations or concealments, then made by Mulliken, then the note is founded on a good consideration, and is binding on Boggess."

3. That the Court erred in the general instructions given.

The answer to the first objection, on the demurrer, is that the plaintiff waived any possible ground he might have had by his replication; he should have stood by his demurrer, and not taken issue on the plea.(1) The second objection on the instructions is not tenable. It is not perceived in relation to the question of law raised on this point in the cause, how more appropriate instructions could have been given. They are not only full, guarded, and precise, but particularly just and applicable to the cause and the facts. The third ground, it is apparent, could not be raised in the cause in this Court; no objection was made to them in the Court below, and therefore none can be raised here.

It is not however to be understood that there could have been any just exception to them for their character or legality.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*